RECEIVED
IN ALEXANDRIA, LA

OCT 29 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**WASHINGTON MCCASKILL**             DOCKET NO. 10-CV-1175; SEC. P
    **FED. REG.#28453-034**

**VERSUS**                           JUDGE TRIMBLE

**USA & BUREAU OF PRISONS**          MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Pro se Petitioner, Washington McCaskill, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner complains of the manner in which his sentence is being executed.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Facts and Background

#### A. EDLA Sentence

On July 29, 2003, in the Eastern District of Louisiana, Petitioner pled guilty to possession of a firearm by a convicted felon. On October 29, 2003, he was sentenced to thirty (30) months in prison and three (3) years of supervised release. Petitioner was released from prison on August 5, 2005. Nevertheless, he was re-arrested on June 10, 2006 for violating the terms of his supervised release. Petitioner was convicted of the violation and

was sentenced on August 31, 2006, to a term of imprisonment of **twenty-four (24) months, with credit for time served since his June 10, 2006 arrest.** Thus, Petitioner's prison term would generally expire on **June 10, 2008.**

### B. SDTX Sentence

Petitioner was *also* indicted on June 10, 2006 in the Southern District of Texas (SDTX) for possession of a firearm by a convicted felon. USA v. McCaskill, 4:07-cr-0083 (S.D.Tx. 2007). The indictment was filed on March 7, 2007, and Petitioner was arrested on September 10, 2007. Petitioner initially plead not guilty, but changed his plea to guilty on **March 13, 2008.** Petitioner was sentenced that same day to thirty (30) months of imprisonment, "**to run concurrently with the sentence in Case No. 2:03CR00126-002B, in the Eastern District of Louisiana.**" [Doc. #44, p.2] So, the SDTX sentence would generally expire on **September 13, 2010.** At the time of the conviction and sentence in the Southern District of Texas matter, Petitioner only had approximately **three months left** on his sentence from the Eastern District of Louisiana (EDLA).[1] Thus there was only a three month overlap, or concurrence, in the two sentences.

---

[1] The fact that the SDTX sentence was ordered to run concurrent to the EDLA sentence does not shorten the SDTX sentence from thirty months to three months. For example, if the sentences were not concurrent, Petitioner's SDTX sentence wouldn't have *started* to run until he had completed the Louisiana sentence. In this case, Petitioner *did* receive credit for the "concurrent" sentence. It just so happens that was only three months.

***Analysis***

1. Exhaustion

A federal prisoner contesting the calculation of his sentence and seeking relief under 28 U.S.C. § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir.1993)(quoting United States v. Gabor, 905 F.2d 76, 78 n. 2 (5th Cir.1990)(citations omitted); see also Lundy v. Osborn, 555 F.2d 534, 534-35 (5th Cir. 1977) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.") (citations omitted)).[2]

As petitioner is no doubt aware, the BOP provides a 3-step administrative procedure for inmates who seek formal review of their complaints. 28 U.S.C. §§542.10-542.19. BOP Program Statement (PS) 1330.13, Administrative Remedy Program, outlines the procedure and provides detailed guidance regarding the procedures to be employed. Prisoners may first "seek informal review of an issue which relates to any aspect of [their] confinement." 28 C.F.R. § 542.10. If unsuccessful, prisoners must thereafter

---

[2] Although the Supreme Court has held that the failure to exhaust administrative remedies must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"), see Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007), the PLRA does not apply to federal *habeas* proceedings. Nothing in Jones prohibits the *sua sponte* dismissal of a section 2241 petition on exhaustion grounds.

utilize the formal procedures which involve the filing of a BP-9 (to the Warden), BP-10 (to the appropriate BOP Regional Office), and BP-11 (BOP National Inmate Appeals) form. Id. §§542.13, 542.14, 542.15, 542.18. The BP-11 appeal "is the final administrative appeal." Id. § 542.15(a).   Only **after** this three-step review process is completed, can a BOP inmate's claim be considered exhausted.

Based on Petitioner's amended petition, he has not exhausted his claim.  Petitioner filed a BP-10, but has not received a response or filed a BP-11.  His claim is unexhausted and should be dismissed.

2. Mootness

According to the BOP website, Petitioner was released from BOP custody on October 12, 2010.  Thus, this case would likely be moot. See Salgado v. Federal Bureau of Prisons, 220 Fed. Appx. 256, 257 (5th Cir. 2007)(dismissing as moot appeal of denial of § 2241 habeas petition seeking reduction in prison time because petitioner was released from prison while appeal was pending); Bailey v. Sutherland, 821 F.2d 277, 278 (5th Cir. 1987)(holding that appeal from denial of section 2241 application based on alleged loss of good time credits was moot because "[t]he main thrust" of [petition] was to be released from confinement, and "[b]ecause [petitioner] was released ... this court [could] no longer provide him with that relief"); see also Belasco v. Warden, 156 Fed. Appx.

671, 671 (5th Cir. 2005) (holding issues raised on appeal relating to calculation of good-time credits mooted by petitioner's release from BOP custody); Salinas v. U.S. Marshals Serv., 111 Fed. Appx. 782, 783 (5th Cir. 2004)( per curiam ), cert. denied, 546 U.S. 859 (2005)(dismissing petitioner's appeal on habeas petition challenging confinement based on validity of federal warrant and computation of sentence: "Because [petitioner] has already been released from federal custody, there is no relief this court can grant ...").

3. Properly executed sentence

Finally, as shown above, Petitioner's SDTX sentence was, in fact, run concurrently to his EDLA sentence. There was no improper execution of his sentence. As such Petitioner's case should be dismissed.

## Conclusion

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED** with prejudice.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 29th day of October, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE